## Richmond

RUBY VANCOLLOM

V.

DOROTHY C. JOHNSON

Record No. 812059.

September 7, 1984.

Present: All the Justices.

*Palmer S. Rutherford, Jr. (Willcox, Savage, Dickson, Hollis & Eley,* on brief), for appellant.

*J. Darrell Foster (Bangel, Bangel & Bangel,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this negligence case, the plaintiff was burned severely as she removed a flaming frying pan from a dwelling. The central issue is whether the doctrine of assumption of the risk is applicable under the circumstances.

The facts are undisputed. On Sunday, September 30, 1979, appellee Dorothy C. Johnson, age 62 and the plaintiff below, was the weekend visitor at the Portsmouth home of her sister. The plaintiff's mother, appellant Ruby VanCollom, resided there. About 11:00 a.m. on that day, the mother, age 82 and the defendant below, was preparing a meal for the family. Intending to cook potatoes in a "pot" on one of the surface heating elements of an

electric stove in the kitchen, the mother mistakenly turned on a different element; it held a heavy frying pan filled with grease.

Shortly thereafter, the plaintiff and her mother were alone in the house, sitting in a room adjacent to the kitchen. The plaintiff noticed that the grease in the frying pan was afire and that flames extended to the kitchen ceiling. The plaintiff ran into the kitchen. The mother followed and stopped at the kitchen door, "petrified." The plaintiff picked up a towel, wrapped the towel around the handle of the pan, grasped the flaming pan, rushed through an open door from the kitchen to an attached garage, travelled out the back door of the garage, and threw the pan and contents into the yard. Apparently, the plaintiff received her burns when a wind gust blew the flames toward her as she was passing through the open garage.

Responding to interrogation about her reasons for her course of conduct, the plaintiff testified: "[W]hat went through my mind, I had to take care of my mother so she wouldn't get hurt, see my sister's home didn't catch on fire, and I definitely was very concerned about my mother." She also stated: "Well, as I said, this same thought kept running through my mind, I had to get the frying pan out of the house, knowing if I did it would mean I would have saved her life and this home." The plaintiff also testified she noticed her "mother was like she was frozen, couldn't move" at the kitchen door and that she did not want her "to get hurt or burned or anything. . . ."

In this suit filed in March of 1980, a jury returned a verdict of $30,000 in favor of the plaintiff against the defendant in a March 1981 trial. The court below instructed the jury on primary and contributory negligence as well as on the principle of sudden emergency. The court refused, however, the defendant's request that the jury be instructed on the doctrine of assumption of the risk. After overruling a motion to set aside the verdict, the trial court confirmed the verdict in a September 1981 judgment order, from which we awarded the defendant this appeal.

The defendant contends the plaintiff assumed the risk of injury "by undertaking to lift a flaming skillet from a kitchen stove and carry it by hand to the out-of-doors." Noting the settled Virginia rule that one who voluntarily assumes the risk of injury from a known danger is barred from recovery in a negligence case, *see Arrington* v. *Graham,* 203 Va. 310, 314, 124 S.E.2d 199, 202 (1962), the defendant argues that the evidence shows the plaintiff

knew and appreciated the risk involved in her conduct and that the trial court should have ruled in her favor as a matter of law. Alternatively, the defendant says the jury, under proper instructions, should have been permitted to decide the question. We disagree.

Assumption of the risk (venturousness), a defense associated with contributory negligence (carelessness), has two requirements: "the nature and extent of the risk must be fully appreciated and the risk must be voluntarily incurred." *Amusement Slides Corp.* v. *Lehmann,* 217 Va. 815, 819, 232 S.E.2d 803, 805 (1977). In the present case we focus on the latter requirement. Speaking to the necessity of voluntary assumption, the Restatement provides:

> "(1) A plaintiff does not assume a risk of harm unless he voluntarily accepts the risk.
> "(2) The plaintiff's acceptance of a risk is not voluntary if the defendant's tortious conduct has left him no reasonable alternative course of conduct in order to
>
> (a) avert harm to himself or another, or
> (b) exercise or protect a right or privilege of which the defendant has no right to deprive him." Restatement (Second) of Torts § 496E, at 576 (1965).

Elaborating upon the rule, Comment c of the Restatement provides that a "plaintiff's acceptance of the risk is not to be regarded as voluntary where the defendant's tortious conduct has forced upon him a choice of courses of conduct, which leaves him no reasonable alternative to taking his chances." *Id.* at 577. The Comment further states that when a defendant, by his own negligence, has compelled a plaintiff to choose between two evils, the defendant will not be heard to say that the plaintiff cannot recover because he has made the choice. Thus, the Comment continues, when the defendant is under a duty to the plaintiff and the breach of that duty compels the plaintiff to encounter a particular risk in order to avert harm to himself or a third party, the plaintiff's acceptance of the risk is not voluntary. "The existence of an alternative course of conduct which would avert the harm . . . does not make the plaintiff's choice voluntary, if the alternative is one which he cannot reasonably be required to accept." *Id.*

Illustration 2 that follows Comment c is pertinent here.

"A Railroad negligently sets a fire on its right of way, which burns toward B's house. In order to save the house B attempts to extinguish the fire, although he knows that there is a risk that he may be burned in doing so. B does not assume the risk." *Id.*

This requirement of a threshold determination on voluntary assumption articulated in the Restatement is not new in Virginia. In *Landes* v. *Arehart,* 212 Va. 200, 203, 183 S.E.2d 127, 129 (1971), we quoted from *Hunn* v. *Windsor Hotel Co.,* 119 W.Va. 215, 218, 193 S.E. 57, 58 (1937), for the proposition that a plaintiff's allegedly negligent act will not be deemed voluntary if he has been compelled by a "special exigency."

In the present case, the defendant's careless, negligent act forced upon the plaintiff only one reasonable course of conduct. The plaintiff was forced to react, in a split second, to dispose of the source of the fire, thereby preventing injury to her mother and preventing damage to the dwelling as well as its contents. Certainly, there was an alternative course of conduct available to the plaintiff. She could have disregarded the blaze and ushered her mother to safety outdoors to await arrival of firemen. Nevertheless, that was not a viable alternative that afforded full protection to person and property because, while avoiding injury to the home's occupants, that choice could have resulted in substantial damage to property or complete destruction of the residence. Thus, paraphrasing the Restatement, the plaintiff's choice was not voluntary, as a matter of law, because the alternative course of conduct was one which she could not reasonably be required to accept. Stated differently, the plaintiff was compelled by a special exigency, making her choice not voluntary. We hold, therefore, that the trial court correctly refused to instruct on assumption of the risk.*

The jury's examination of the plaintiff's actions should have been made, and properly was made, on the basis of her reasonableness, and not on the basis of assumption of the risk. For example, Instruction 7 provided:

---

* Implicit in what we already have said is rejection of the defendant's additional contention that the trial court erred in failing to rule that the plaintiff was contributorily negligent as a matter of law.

"The Court instructs the jury that it was the duty of the plaintiff in undertaking to deal with the fire in the skillet to use reasonable means in her efforts to avert damage to property.

"And if the jury believe from the evidence that the actions taken by the plaintiff were not reasonable under the circumstances in light of the seriousness of the harm threatened, the degree of likelihood that it would occur, and the probable harm that would result to plaintiff from her actions, then the plaintiff cannot recover and your verdict must be for the defendant."

For these reasons, the judgment below will be

*Affirmed.*