1105

Gloria Denise TUCKER, Appellant v. ALBERT RICE FURNITURE SALES, INC., Harlan Howard Jones and Hubert Chesson, Jr., Respondents.

(367 S. E. (2d) 427)

Court of Appeals

*M. Terry Haselden* of *Faucette, Haselden & Harris,* Spartanburg, *for appellant.*

*Stephen S. Wilson* and *C. Roland Jones, Jr.* of *The Ward Firm,* Spartanburg, *for respondents.*

Heard Jan. 19, 1988.

Decided March 14, 1988.

GARDNER, Judge:

Gloria Denise Tucker (Tucker) sued Albert Rice Furniture Sales, Inc., Harlan Howard Jones and Hubert Chesson, Jr., (Chesson) for personal injuries arising from a motor vehicle collision. The trial judge granted a directed verdict in favor of Chesson. The jury returned a verdict for $15,000 against the remaining defendants. Tucker made a post-verdict motion for an additur or in the alternative for a new trial as to damages. The defendants made a post-verdict motion for a judgment n.o.v. The trial judge granted the defendants' motion for judgment n.o.v. We reverse and remand for a trial de novo as to Chesson and a new trial as to damages against the remaining defendants.

On December 24, 1982, Tucker, accompanied by her seven-month old daughter, was driving an automobile. She crossed a bridge over Interstate 85, heading east on U. S. Highway 221 toward Spartanburg. She testified that she slowed to 30 or 35 m.p.h. because of the traffic exiting from the interstate; she drove about one-tenth of a mile down from the top of the bridge and around a curve. Her car collided with a truck which had pulled out of a Mini Mart parking lot and was crossing U. S. 221, thereby blocking the lane of traffic on which Tucker was driving her automobile. The truck was making a left turn, westward onto Highway 221. Because of the need to negotiate a dip in the pavement between the parking area and the road, the turn was "like a U-turn."

It was dusk. The truck driver, Jones, first saw Tucker's car in his side mirror as he was pulling out at about 5 m.p.h. Tucker's car was then about 30 to 35 feet away. Jones' testimony is that he did not look to the left until he saw her

headlights in the side mirror. He was unable to estimate her speed. Chesson, Jones' travel and business partner, testified on deposition that he first noticed Tucker's headlights through the back window of the truck and that she was then about 50 feet away. Chesson testified that Tucker "was flying." Chesson also said that Jones said "that car ain't going to stop" and that Jones then "goosed" the truck to "get out of her way."

Tucker testified she first noticed the truck stopped in the far driveway of the Mini Mart and that the truck pulled out in front of her. She testified that she was traveling in the eastbound lane nearest the center of the highway and was about two car lengths away when she first saw the truck. She remembered nothing else until she woke up in the hospital.

At the moment of the impact, the truck had pulled onto the highway making its left turn in such a way that its front wheels had partially crossed the yellow center lines and its headlights were directed toward traffic coming down from the bridge. Tucker's car, according to the highway patrol officer who investigated the accident, "ran up under the truck just behind the cab and the fuel tank of the truck."

Tucker's jaw was broken and wired shut approximately six to ten weeks. Her medical bills were $6,419.23 and her lost earnings were $2,752.32. Tucker's witness, Dr. Butehorn, testified that Tucker had permanent scarring on her lip, chin and neck; there was no testimony that she had long-term disability. There was medical testimony to the effect that her scarring could be helped by plastic surgery with an estimated cost of between $1,750 and $2,500. Tucker also testified about her pain and suffering.

The parties stipulated that Jones was the agent of defendant Albert Rice Furniture Sales, Inc. Chesson testified that he and Jones had take Rice's truck to Atlanta on consignment to sell furniture and that they were on their way home to North Carolina with some unsold furniture when the accident occurred. On the trip they shared the driving. The arrangement between Chesson and Jones was that they would split the profits with Rice and divide their portion between themselves.

The issues presented are whether (1) the trial judge erred

in granting the post-judgment motion for judgment n.o.v. in favor of Jones and Albert Rice Furniture Sales, Inc., (2) the trial judge erred in granting a directed verdict for Chesson, (3) the trial judge erred in the jury charge as to recklessness, (4) the trial judge erred in failing to grant Tucker's motion for an additur or a new trial as to damages.

The question of contributory negligence (as well as questions of negligence and recklessnes) is ordinarily a question of fact for the jury and only rarely becomes a question of law for the court to decide. If the view of the testimony is conflicting or the inferences to be drawn from the testimony are doubtful, the question of whether a plaintiff is guilty of contributory negligence that will bar recovery is for the jury to determine. And where there is any uncertainty as to the existence of contributory negligence, the question is one for the jury. The question of contributory negligence becomes a question of law for the courts only when the evidence is susceptible of but a single reasonable inference. In determining whether a plaintiff is contributorily negligent as a matter of law, the evidence of the whole case must be viewed in the light most favorable to the party opposing the motion for the directed verdict. *Broom v. Southeastern Highway Contracting Co., Inc.*, 291 S. C. 93, 352 S. E. (2d) 302 (Ct. App. 1986); *Griffin v. Griffin*, 282 S. C. 288, 318 S. E. (2d) 24 (Ct. App. 1984).

The order granting judgment n.o.v. was based upon the reasoning of the trial judge that Tucker was contributorily negligent. We disagree and based upon the above authority and the evidence before us, which we have reviewed and view in a light most favorable to Tucker, we reverse the appealed order which granted judgment n.o.v. in favor of Jones and Albert Rice Furniture Sales, Inc. And we so hold.

We turn now to whether the trial judge erred in directing a verdict for Chesson. In determining the existence of joint enterprise the question arises whether, admitting that the driver of an automobile and a person riding with him have a common purpose in making the trip, further conditions exist from which it can be said to appear that the negligence of the driver should be imputed to the passenger. The legal theory upon which such imputa-

tion is allowed is that if two parties are engaged in a joint enterprise each is the agent of the other, and each the principal of the other, so as to bring into force the fixed precepts of the law of agency. *Bolt v. Gibson*, 225 S. C. 538, 83 S. E. (2d) 191 (1954).

We hold that there is evidence of record from which it could reasonably be determined that Chesson as well as Jones was entitled to a voice in the control and direction of the vehicle and that Chesson had an equal right to direct and govern Jones' movements and conduct with respect to the trip and the operation of the truck and further that under partnership law there is evidence that Jones was, on this occasion, the agent of Chesson. In view of this evidence, the trial judge erred in granting a directed verdict for Chesson and we so hold.

Tucker properly objected to the following charge on recklessness.

Now, I know this is an extreme example, but I give it all the time—if I am driving an automobile, I see the traffic signal and the light is red and I see it and I know it's red and I *deliberately* drive through it, then I'm reckless. But on the other hand, if I did the same act and I did it because I was dreaming about or worrying about something that happened to me and did not actually see the thing, then that is negligence. [Emphasis ours.]

The above charge is erroneous since it equates recklessness with intentional action. This is erroneous and we so hold.

We also hold that because of the erroneous charge the trial judge erred in refusing to grant Tucker's motion for a new trial as to damages against defendants Jones and Albert Rice Furniture Sales, Inc.

For the reasons given, the appealed judgment is reversed and remanded for a new trial absolute as to Tucker's case against Chesson and a new trial as to damages in Tucker's case against Albert Rice Furniture Sales, Inc., and Jones. And it is so ordered.

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.