1721

Wesley MISHOE, Respondent v. DNP AMUSEMENT, INC., Appellant.

(414 S.E. (2d) 584)

Court of Appeals

*D. Clay Robinson* and *Thomas W. Bunch, II*, both of *Robinson, McFadden & Moore*, Columbia, *for appellant.*

*Robert T. Williams*, of *Williams & Brink*, Lexington, *for respondent.*

Heard Oct. 8, 1991; Decided Nov. 12, 1991.

Reh. Den. March 27, 1992.

GARDNER, Judge:

Wesley Mishoe (Mishoe) instituted this negligence action against DNP Amusement, Inc. (DNP). DNP made timely motions for a directed verdict and judgment n.o.v. on the grounds, *inter alia*, that the trial judge should have directed a verdict against Mishoe because of Mishoe's contributory negligence. We reverse and remand.

## ISSUE

The dispositive issue of this case is whether the trial judge erred in failing to direct a verdict and/or grant the motion for judgment n.o.v. on the basis of contributory negligence on the part of Mishoe.

## FACTS

Mishoe owns a wrecker service and has been in this business for a number of years.

DNP operates carnivals in Georgia, South Carolina, and North Carolina for charitable events, festivals, etc. On April 3, 1983, DNP's pick-up truck pulling a flatbed trailer was travelling on Highway 321 near Swansea, South Carolina. Because of a flat tire, the trailer was parked partially on and partially off the far right lane of a four-lane section of the highway. Shortly thereafter, a South Carolina Highway Patrolman arrived and found that the driver of the truck-trailer had no jack and was unable to change the tire. Mishoe was either summoned to or happened upon the truck-trailer and was employed to fix the tire. The rim was split and the tire was flat. Mishoe crawled under the trailer and hooked a "J" hook to the axle and lifted the left side of the trailer with the winch on his wrecker high enough off the ground so that the DNP driver and employees could change the tire. Mishoe and the employees were unable to remove the tire because the lugbolts were stripped and warped. Mishoe secured a small hammer and proceeded to hit the lugbolts with the hammer with his legs partially under the trailer. Just about the time he got the rim off of the axle, the trailer fell.

When the trailer fell, it landed on Mishoe's leg, knee, and ankle, breaking the bone and seriously injuring Mishoe. It took some time to lift the trailer so that Mishoe could crawl from under it.

The dispositive issue is whether Mishoe was contributorily negligent as a matter of law by reason of his crawling under the trailer to fix the tire without having first placed safety blocks under the trailer to prevent being crushed if the trailer for some reason were to fall. Mishoe admitted that his safety manual clearly warned that he should not work under a lifted vehicle without safety blocks and that he had read the manual. He freely admitted that safety blocks would have helped and,

therefore, implicitly admitted that safety blocks would have prevented his injury.

## DISCUSSION

We hold that Mishoe was contributorily negligent in working without safety blocks under the trailer, the right side of which had been lifted with the winch on the wrecker. We, accordingly, hold that the trial judge erred in denying DNP's motion for a directed verdict and its post-verdict motion for judgment n.o.v.

The doctrine of contributory negligence was[1] applicable in this state at the time of the events of this case and at the time of the trial. Contributory negligence, when applicable, is a lack of ordinary care on the part of the person injured by the negligence of another which combines and concurs with that other's negligence and contributes to the injury as a proximate cause without which the injury would not have occurred. The doctrine of contributory negligence embodies the principle that an injured person should not be permitted to ask from others greater care than he himself exercises for his own welfare. If in the exercise of ordinary care, the plaintiff might have avoided the consequences of the defendant's negligence, he is the author of his own injury in the eyes of the law. *Wallace v. Owens-Illinois, Inc.*, 300 S.C. 518, 389 S.E. (2d) 155 (1989).

Generally, contributory negligence is a question for determination by the jury. But when the evidence admits only one reasonable inference, it becomes a matter of law for the determination of the court. And, if a plaintiff has knowledge of a dangerous situation or condition and voluntarily steps into that dangerous situation, he is as a matter of law contributorily negligent. *House v. European Health Spa*, 269 S.C. 644, 239 S.E. (2d) 653 (1977). See also 57A Am. Jur. (2d), Negligence, Section 860 (1989).

Attached to this decision is a copy of the pertinent provision of the safety manual which Mishoe admitted he had read. In pertinent part the instruction provided:

---

[1] Contributory negligence has been abolished in favor of comparative negligence. The new law became effective for cases which arise on or after July 1, 1991. *See Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E. (2d) 783 (1991).

Stay out from under raised loads unless you use safety blocks. You could be CRUSHED if a cable breaks, if a load shifts, or if a clutch fails. Never assume that "it's OK to get under the load just this one time." Live by the rule that if a thing can happen, it will happen.

We hold that under the admitted circumstances of this case, Mishoe knew of the grave danger created by working under a vehicle which had been lifted by a winch installed on a wrecker. With this full knowledge he stepped into this dangerous situation and thereby violated a very basic safety rule of his trade. We hold this to have been contributory negligence as a matter of law. Accordingly, we hold that the trial judge erred in overruling DNP's motion for a directed verdict based on the argument that Mishoe was contributorily negligent. Further, we hold that the trial judge erred in failing to grant DNP's motion for judgment n.o.v. because of the previously noted error. Accordingly, the judgment below is reversed and the case is remanded for entry of judgment in accordance with this decision.

Reversed and remanded.

SANDERS, C.J., and GOOLSBY, J., concur.