# Inocencia L. Waters

## v.

# Safeway Stores, Inc.

Record No. 921188

September 17, 1993

Present: All the Justices

*L. Bradford Haskin (Joynes & Bieber*, on brief), for appellant.

*Irving M. Blank (Wells, Paris, Blank & Brown*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this slip and fall case, we decide whether the trial court erred by striking the plaintiff's evidence and entering judgment in favor of the defendant on the ground that the plaintiff was guilty of assumption of the risk as a matter of law.

Inocencia L. Waters filed her motion for judgment against Safeway Stores, Inc., seeking damages for injuries she sustained when she slipped and fell in a Safeway parking lot. She alleged that her injuries were proximately caused by Safeway's negligence.

The case was tried before a jury. At the conclusion of Waters' case, Safeway made a motion to strike her evidence on the basis that Waters had assumed the risk as a matter of law. The trial court took the motion under advisement. Safeway did not present any evidence and renewed its motion to strike, which was taken under advisement.

The case was submitted to the jury, which was unable to reach a verdict. After the jury was discharged, Safeway renewed its motion to strike and Waters made a motion for a mistrial. The court took both motions under advisement. Subsequently, the court held that Waters had assumed the risk of injury as a matter of law and entered judgment on behalf of Safeway. We awarded Waters an appeal.

In reviewing the decision of a trial court to strike a plaintiff's evidence, we must consider the evidence and all reasonable inferences deducible therefrom in the light most favorable to the plaintiff. Furthermore, any reasonable doubt as to the sufficiency of the evidence must be resolved in favor of the plaintiff. *Artrip* v. *E.E. Berry Equip. Co.*, 240 Va. 354, 357, 397 S.E.2d 821, 823 (1990).

On January 7, 1988, Chesterfield County experienced a heavy snowfall and below-freezing temperatures making snow and ice removal difficult. On January 11, 1988, Waters decided to go to the Brandermill Safeway Store to purchase some groceries. She had not been out of her house in four days because of the weather conditions. She was able to drive her car out of her driveway without slipping or sliding and the roads were clear.

When she drove into the Safeway parking lot, she observed snow, slush, and ice on the pavement. She chose what she "felt was the

safest place'' to park her car. She was wearing snow boots that had tread on the soles to increase traction. When she got out of her car, ''it felt sort of slippery,'' but she thought she could walk the short distance from her car to the store without falling. She could also feel ice under her boots as she was holding onto the car door. She was being very cautious because she was aware that one might slip and fall on ice. She went in the store and purchased a few groceries.

Waters testified that when she came out of the store, she knew that she would have to walk on ice, but that she ''had been able to go in, so [she] assumed [she] could go out.'' As she opened her car door, she slipped and fell on ice and was injured.

■ Waters argues that she did not assume the risk as a matter of law and that the trial court erred in striking her evidence. Safeway, however, argues that Waters assumed the risk as a matter of law because she was aware that walking on the ice in the parking lot was dangerous and she knew she could fall and hurt herself and, thus, she appreciated the nature and extent of the risk.

■ We have held that the defense that a plaintiff voluntarily has assumed the risk of injury is a jury question unless reasonable minds cannot differ on the issue. *Holland* v. *Shively*, 243 Va. 308, 312, 415 S.E.2d 222, 224-25 (1992); *Artrip*, 240 Va. at 358, 397 S.E.2d at 823; *VanCollom* v. *Johnson*, 228 Va. 103, 106, 319 S.E.2d 745, 746 (1984). Additionally, ''assumption of risk . . . connotes venturousness and involves a subjective test, i.e., whether a plaintiff fully understood the nature and extent of a known danger and voluntarily exposed himself to it.'' *Artrip*, 240 Va. at 358, 397 S.E.2d at 824.

In *Kings Markets, Inc.* v. *Yeatts*, 226 Va. 174, 307 S.E.2d 249 (1983), we considered whether a plaintiff who was injured when he fell on ice and snow at a curb in front of a grocery store was guilty of assumption of risk as a matter of law. The Lynchburg area, where Kings Markets grocery store was located, experienced an accumulation of about five inches of snow and below-freezing temperatures.

Yeatts, because of the weather conditions, had not been out of his home for several days. He needed groceries and decided to drive to Kings Markets where he was a regular customer. He parked in the parking lot where there was slush and ''it was a little slick but it wasn't bad at all.'' As he stepped off the curb, there was ''nothing but ice and slush.'' The icy area along the curb extended ''from one end of the shopping center to the other.'' *Id.* at 177, 307 S.E.2d at 251.

After purchasing his groceries, Yeatts left the store accompanied by a store employee who was pushing Yeatts' grocery cart. As Yeatts stepped ''out where there was some slush,'' he slipped on ice, fell and was injured. He described the conditions where he fell as being ''ridiculous,'' and he said, ''I knew I had to be careful.'' Yeatts admitted that he knew he was stepping out into slush and possibly ice. *Id.*

Rejecting Kings Markets' argument that Yeatts assumed the risk as a matter of law, we stated:

'[T]he essence of contributory negligence is carelessness; assumption of risk, venturousness.' We cannot hold here that Yeatts was venturesome in visiting Kings [Markets] on the afternoon of January 16, 1978. As we have noted, Kings [Markets] was open for business, it had made some effort to clear the snow and ice from its parking lot and the premises it used, and it was inviting customers to park their vehicles and to enter and depart its store in the usual and customary manner. Yeatts had successfully negotiated his entrance to the store, and he had no reason to believe he could not safely exit also. Hence, we cannot say as a matter of law that he was venturesome in exiting the premises.

*Id.* at 181-82, 307 S.E.2d at 254.

The rationale that we invoked in *Kings Markets* is applicable here. Safeway was open for business, it had made some effort to clear the snow and ice from its parking lot, and it was inviting customers to park their vehicles and enter and depart its store in the usual and customary manner. Waters, just as Yeatts, had successfully negotiated her entrance to the store and she believed that she could safely exit also. Waters testified that when she parked her car, ''I made a judgment, obviously when you are looking for the safest place to go, where you would have the least number of steps to get onto the covered walkway, this was the logical place, as far as I'm concerned.'' She was wearing boots that had tread underneath for enhanced traction, and she testified that she was careful. These are factors for a jury to weigh when considering if, as a factual matter, Waters assumed the risk of injury.

We will reverse the trial court's judgment and remand the case for a new trial on all issues.

*Reversed and remanded.*