681 So.2d 126 (1996)
UNIROYAL GOODRICH TIRE COMPANY
v.
Jackie Darryl HALL.
1921945.
Supreme Court of Alabama.
May 3, 1996.
Rehearing Denied September 6, 1996.
G. Rick Hall of Bradley, Arant, Rose & White, Huntsville, for Appellant.
K. Rick Alvis and Roger L. Lucas of Lucas, Alvis, Kirby & Wash, P.C., Birmingham, for Appellee.
PER CURIAM.
Uniroyal Goodrich Tire Company appeals from a judgment awarding Jackie Darryl Hall $1,025,000 in compensatory damages on Hall's claim that he was injured as a result of an explosive rupture of a tire manufactured by B.F. Goodrich Company. We reverse and remand.
On August 8, 1991, Jackie Darryl Hall and several co-workers were using a gooseneck trailer to haul cattle; the trailer experienced a blowout of one of the trailer tires. They drove a short distance to a shop, where they removed the tire and attempted to replace it with a 16-inch light truck tire. It is undisputed that the wheel rim, manufactured by the Budd Company and distributed by Ford Motor Company, did not have its size stamped on it; however, it was a 16.5-inch wheel rim. A 16-inch tire should be mounted on a 16-inch wheel rim. An attempt to *127 mount a tire of one size onto a wheel rim of a different size is known in the industry as a "mismatch." Not knowing that the wheel and rim were different sizes, Hall attempted to mount the mismatched tire onto the rim; the tire exploded. The tire had the following warning on the sidewall:
"SAFETY WARNING Serious injury may result from tire failure due to underinflation/overloading. Follow owner's manual or tire placard in vehicle. Explosion of tire/rim assembly due to improper mounting. Never exceed 40 psi when seating beads. Mount only on 16-inch rims. Only specially trained persons should mount tires. Use only rims designated by the wheel manufacturer as suitable for radial tires."
Apparently, upon inflating the tire, two or three inches of the tire "would not `pop out' or `bead out' against the flange of the wheel." Appellant's brief, page 9.
"The tire was then removed from the mounting machine and placed on the ground. It was deflated, and oil was applied around the rim edge and the tire bead. Leaving the tire lying unrestrained on the ground, it was then inflated again, but bead seat was still not obtained. The tire was then gauged and found to contain between 38 and 40 psi."
Appellant's brief, page 9. (Citations to the record omitted.) More air was added to the tire. The tire exploded, causing substantial injury to the plaintiff's left leg and left arm.
Hall sued the manufacturer of the wheel rim, the Budd Company; the distributor of the wheel rim, Ford Motor Company; and the tire manufacturer, B.F. Goodrich Company, alleging negligence and wantonness and claiming liability under the Alabama Extended Manufacturer's Liability Doctrine. He later amended his complaint to add as defendants Steve Worscham, individually and d/b/a/ B & S Grocery, the operator of the shop where the accident occurred. The trial court entered a summary judgment in favor of Worscham. Budd and Ford Motor Company settled with Hall for $450,000, and they are not parties to this appeal. The jury returned a verdict against B.F. Goodrich in the amount of $825,000. Pursuant to a pretrial agreement between the parties relating to several evidentiary and set-off issues, the trial court increased the award by $200,000, to $1,025,000.[1]
B.F. Goodrich appealed from the resulting judgment. It contends that the trial court erred in charging the jury that contributory negligence was not a defense to Hall's AEMLD claim. We agree. Because that error requires that we reverse and remand, we pretermit discussion of the appellant's other arguments.
The trial judge charged the jury as follows:
"The defendant also claims that the plaintiff was guilty of negligence which proximately contributed to the alleged injuries. Contributory negligence is a defense to actions based upon negligence. Contributory negligence as it relates to accident causation is not a legal defense to the plaintiff's cause of action based upon the Alabama Extended Manufacturer's Liability Doctrine."
R.T. at 852. Later, the trial judge stated:
"I charge you members of the jury, that plaintiff's claim, or one of plaintiff's claims is brought under the Alabama Extended Manufacturer's Liability Doctrine and it is the law that the manufacturer, supplier or seller who markets a product which is in a condition unreasonably dangerous to the ultimate user or consumer when placed on the market and which remains in substantially the same condition until used by the ultimate user is liable to one who may be reasonably expected to use or be affected by such product when used for its intended use and who is injured as a proximate consequence of the unreasonably dangerous product.
"The burden is upon the plaintiff to reasonably satisfy you by the evidence of the truthfulness of all the material averments of his claim before he would be entitled to recover. If the plaintiff has reasonably *128 satisfied you by the evidence of the truthfulness of each element of his claim, he is entitled to recover, unless the defendant has proven an affirmative defense.
"If the plaintiff has not reasonably satisfied you by the evidence of the truthfulness of each element of his claim, then he is not entitled to recover.
"I further charge you that with respect to the defendant's defenses of assumption of the risk, contributory negligence and misuse of the tire, these are known in the law as affirmative defenses and the defendant has the burden of proof with respect to these defenses, that is the burden is on the defendant to reasonably satisfy you by the evidence of the truthfulness of these defenses.
"Under the Alabama Extended Manufacturer's Liability Doctrine, the plaintiff charges that: (1) He suffered injury to himself (2) by one, that is, the defendant, who sold a product in a (3) defective condition unreasonably dangerous, (4) to him as the ultimate user or consumer and (5) that the seller was engaged in the business of selling such a product and that (6) the product was expected to, and did, reach the user or consumer without substantial change in the condition in which it was sold.
". . . .
"I have already charged you, that if you are reasonably satisfied that plaintiff has met the burden of proving the material allegations or elements of this claim under the Alabama Extended Manufacturer's Liability Doctrine, you will consider the following affirmative defenses asserted by the defendant, and again the defendant has the burden of proving each of the essential elements of these defenses to your reasonable satisfaction.
"The defendant denies that the product was in a defective condition, but in the event the jury finds that the product was in a defective condition, then, in that event, the defendant charges that the user, that is, the plaintiff, was award of the danger or should have been aware of the danger, and nevertheless proceeded unreasonably to make use of the product and as a proximate result thereof the plaintiff suffered his injuries.
"The defendant claims that the plaintiff was guilty of negligence which proximately contributed to the alleged injury. Contributory negligence is a defense to actions based upon negligence, but as I have told you, contributory negligence as it relates to accident causation is not a legal defense to the plaintiff's cause of action based upon the Alabama Extended Manufacturer's Liability Doctrine.
"With regard to the issue of contributory negligence, I charge you, there has been evidence of various safety warnings that were provided by Goodrich on the tire. If you find that plaintiff did not follow one or more of these warnings and that a reasonable man with the same knowledge and experience under the circumstances existing at the time of the accident would have followed any of the safety warnings that he did not follow, and that the unreasonable failure to follow any of these safety warnings contributed to the cause of the accident resulting in his injuries, then your verdict must be for Goodrich."
R.T. at 853-55; 859-61.
After the judge charged the jury, counsel for B.F. Goodrich objected, as follows:
"[Counsel for B.F. Goodrich]: Briefly, Your Honor, we would except to the charge to the jury that contributory negligence, as it relates to accident causation, is not a defense under AEMLD. I think that language comes from the Honda case involving the safety device, a helmet, which the court did hold as a safety device. [When a] helmet [is used as a safety device, a defendant] cannot assert contributory negligence in the causation of the accident, but since that case the Court has held that as to other products other than safety devices contributory negligence as to accident causation is still a defense under AEMLD, and therefore contributory negligence is a defense to that claim in this context when this is not a product that constitutes a safety device such as a motorcycle helmet.

*129 "THE COURT: Okay. All I can tell you is that it came right out of the Alabama Jury Pattern Instructions [sic] 1.19 Revised, the pocket part. And it does not cite the case you're referring to. It says, `To be used in cases where the plaintiff bases its claim upon both the negligence of the defendant and the Alabama Extended Manufacturer's Liability Doctrine.' So that's all I can tell you.
"[Counsel for B.F. Goodrich]: I understand, but we except to that portion of the charge...."
R.T. at 890-91.
The plaintiff contends that the jury instructions on assumption of the risk and on product misuse encompassed the defense of contributory negligence, even though the jury was specifically charged that contributory negligence was not an available defense to the plaintiff's AEMLD claim. A similar argument was addressed by this Court in General Motors Corp. v. Saint, 646 So.2d 564 (Ala.1994), and rejected. In Saint, we addressed the argument that a jury charge on product misuse basically constituted a charge on contributory negligence. We said:
"Ms. Saint argues that the charge the trial judge gave on product misuse was sufficient without the court's giving these requested chargesthat, essentially, a charge on product misuse is a charge on contributory negligence. This is not a correct statement of the law with regard to defenses under the AEMLD, because the theories behind product misuse and contributory negligence are distinct from one another, rather than synonymous.
"In Hammond v. McDonough Power Equipment, Inc., 436 So.2d 842 (Ala.1983), this Court held that the trial judge correctly submitted to the jury the issues of the plaintiff's alleged contributory negligence, assumption of the risk, and misuse of the product. A plaintiff misuses a product when he or she uses it in a manner not intended or foreseen by the manufacturer. Kelly v. M. Trigg Enterprises, Inc., 605 So.2d 1185 (Ala.1992). A plaintiff is contributorily negligent in handling a defective product when he or she fails to use reasonable care with regard to that product. Williams v. Delta International Machinery Corp., [619 So.2d 1330 (Ala.1993)]; Harley-Davidson, Inc. v. Toomey, 521 So.2d 971 (Ala.1988). See, also, Edward C. Martin, `Alabama's Extended Manufacturer's Liability Doctrine (AEMLD),' 13 Am.J.Trial Advoc. 983 (1990) (cited with approval in Kelly v. M. Trigg Enterprises, Inc., supra) and D. Alan Thomas and Nancy S. Akel, `Products Liability and Contributory Negligence in the Wake of Williams v. Delta International Machinery Corp.,' 54 Alabama Lawyer 261 (1993), for discussions of the differences between the two defenses."
General Motors Corp. v. Saint, 646 So.2d at 567-68.[2]
The distinctions between contributory negligence, assumption of the risk, and product misuse were discussed in Justice Ingram's dissenting opinion in Campbell v. Cutler Hammer, Inc., 646 So.2d 573 (Ala.1994), wherein he expressed the view that contributory negligence should not be a defense to an AEMLD claim. While his views on that point differed from that of the majority, for definitional purposes his dissent is instructive. He stated:
"Although product misuse and assumption of the risk are closely related to the concept of contributory negligence, there are important distinctions. Contributory negligence is a much broader concept than either product misuse or assumption of the risk."
646 So.2d 573, 577 (Ingram, J., dissenting). In examining the differences between contributory negligence and product misuse and then the differences between assumption of the risk and contributory negligence, Justice Ingram stated:
"Contributory negligence is little more than the consumer's failure to exercise due care in utilizing a defective product. On the other hand, product misuse occurs when the plaintiff utilizes the product both in a manner different from that intended by the manufacturer and in a manner that *130 was not reasonably foreseeable by the manufacturer....
". . . .
"I believe that the Restatement definition of assumption of the risk encompasses three elements. First, the plaintiff must have known and appreciated the danger of his action. Second, the plaintiff must have encountered the risk voluntarily. Third, the plaintiff's decision to encounter the risk must have been unreasonable. Only if these three elements coexist should the doctrine of assumption of the risk bar the AEMLD plaintiff from recovery. The defense of contributory negligence, on the other hand, is based on carelessness and inadvertence and does not take into account the plaintiff's appreciation of the danger. [Dennis v. American Honda Motor Co., 585 So.2d 1336 at 1336, 1341 (Ala. 1991)], citing Wallace v. Owens-Illinois, Inc., 300 S.C. 518, 389 S.E.2d 155 (Ct.App. 1989)."
646 So.2d at 577 (Ingram, J., dissenting).
For the foregoing reasons, we hold that the trial judge erred in failing to charge the jury that contributory negligence was a defense to the plaintiff's AEMLD claim.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, and SHORES, JJ., concur.
ALMON and HOUSTON, JJ., concur in the result.
KENNEDY, COOK, and BUTTS, JJ., dissent.
HOUSTON, Justice (concurring in the result.)
I concur in the result. I would reverse and remand on the authority of the majority opinions in General Motors Corp. v. Saint, 646 So.2d 564 (Ala.1994), and Campbell v. Cutler Hammer, Inc., 646 So.2d 573 (Ala. 1994).
COOK, Justice (dissenting).
I dissented in General Motors Corp. v. Saint, 646 So.2d 564 (Ala.1994), and in Campbell v. Cutler Hammer, Inc., 646 So.2d 573 (Ala.1994), because I was convinced that in those cases the majority of the Court "misapprehende[d] the rules set forth in Atkins v. American Motors Corp., 335 So.2d 134 (Ala.1976), and Casrell v. Altec Industries, Inc., 335 So.2d 128 (Ala.1976)." Campbell v. Cutler Hammer, Inc., 646 So.2d at 578, citing General Motors Corp. v. Saint, supra. I continue to remain staunch in my view that Atkins and Casrell "established only two affirmative defenses that relate to the plaintiff's conduct, namely, (1) assumption of the risk, and (2) product misuse alias contributory negligence." Campbell v. Cutler Hammer, Inc., 646 So.2d at 578, citing my dissent in Saint. For a complete explanation of my views with regard to this issue, see my dissents in those cases. For the reasons set forth therein, I, again, respectfully dissent.
NOTES
[1] Before the trial, B.F. Goodrich had agreed that the jury would be told about the pro tanto settlement with Budd and Ford and that it would give up $200,000 of its right to set-off. Other evidentiary matters were also listed in the agreement.
[2] We note that this case was tried before the Saint opinion was released.