# CIRCUIT COURT OF NELSON COUNTY

Colette Wilkins

v.

Wintergreen Partners, Inc.

July 9, 2003

Case No. CL01-0132

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion to set aside the jury verdict in the above case. Two issues are raised in the motion to set aside the jury verdict. The first issue is whether an instruction should have been given by the court on assumption of risk. The second issue is whether the plaintiff's expert, Helge Lien, should have been allowed to express an opinion that the Highlands Ski Lift was not properly adjusted. I will address these questions separately.

*Assumption of Risk*

I deny the motion to set aside the jury verdict on the grounds that an assumption of risk instruction should have been granted. My reasons are set forth below.

Assumption of risk "connotes venturousness and involves a subjective test, *i.e.*, whether a plaintiff fully understood the nature and extent of a known danger and voluntarily exposed himself to it." *Artrip v. E. E. Berry Equip. Co.*, 240 Va. 354, 358 (1990). While contributory negligence involves the

question of carelessness, the essence of assumption of risk is venturousness. *Waters v. Safeway Stores, Inc.*, 246 Va. 269, 272 (1993).

A person who engages in the sport of snow skiing certainly assumes the risk of many aspects of that sport. For instance, the activity of skiing downhill on a slope assumes the risk of falling and colliding with another skier. This does not mean, however, that all aspects associated with skiing subject a skier to the doctrine of assumption of risk. For instance, a skier would not assume the risk of being struck by a snowmobile operated by the owner of the ski resort. Thus, in the context of the instant case, it must be determined whether Ms. Wilkins exposed herself to a known danger when she entered the loading area for the Highlands chair lift.

The record in this case does not establish that a skier is exposed to a known danger in the Highlands chair lift loading area. To the contrary, the evidence indicates that there is little danger to an expert skier in the Highlands chair lift loading area. The testimony of Jack Wayne Roberts, Jr., the director of ski services at Wintergreen, indicates that there is very little risk in this loading area to skiers as proficient as plaintiff. Mr. Roberts described the proficiency of the "good skiers" who ride the lift at more difficult slopes, such as Highlands. (Roberts p. 32.) His testimony suggests that people mostly walk in front of the ski lift chair, sit down, and ride up the mountain. (Roberts p. 48.) This testimony does not suggest that there is anything dangerous or venturous about the loading process at the Highlands chair lift. To the contrary, the testimony indicates that this is a mundane and ordinary aspect of the skiing experience.

In an assumption of risk case, the defendant bears the burden of proof to present sufficient evidence to support an assumption of risk instruction. *Young v. Lambert*, 253 Va. 237, 241 (1997). In the instant case, there is no evidence that there is a known danger in the lift loading area of being injured by a ski chair. Thus, the defendant failed to sustain its burden to produce evidence to justify the granting of this instruction.

## Expert Witness Testimony

The defendant also moves to set aside the jury verdict on the ground that the trial court erroneously allowed Helge Lien to express the opinion that the defendant's Highlands ski lift was not properly adjusted. This motion is denied. The defendant asserts that this testimony should not have been admitted because there was no proof of similarity of conditions existing at the

time of the expert's tests and at the time of the accident. Also, the defendant asserts that the testimony must be "scientific" and run according to protocols. In Virginia, it is required that expert testimony be based upon an adequate foundation. *Tarmac Mid-Atlantic, Inc. v. Smiley Block Co.*, 250 Va. 161, 166 (1995). The defendant argues that because the lift was not fully loaded when Mr. Lien performed his tests in February 2003, the conditions were not substantially similar to those existing in January 2001 when the plaintiff was injured and the lift was fully loaded. This argument, however, is contrary to the testing standards that the defendant maintained at trial are applicable to ski lifts and contrary to the testimony of the ski area manager of Wintergreen.

Jack Wayne Roberts, Jr., the defendant's ski area manager, testified pursuant to questions from counsel for the defendant that the chair lift is "always" tested unloaded. Mr. Roberts testified this procedure is used because it will take longer to stop the lift when it is unloaded rather than when it is loaded. (Roberts p. 52.) It is important to note that this testimony was elicited by counsel for Wintergreen from Mr. Roberts *prior* to the testimony of Helge Lien, the plaintiff's expert. Thus, the testing standard utilized by Helge Lien is exactly the standard the defendant maintains is the standard to be followed in testing a chair lift.

More importantly, this testing procedure appears to be the standard which should be followed by the governing regulations which have the force of law in Virginia. Both the plaintiff and the defendant agree that the ANSI B-77 regulations govern the operation and testing of ski chair lifts in the Commonwealth of Virginia. These standards are enforceable as part of the building code in the Commonwealth of Virginia. (Roberts p. 50-51.) Mr. Lien tested the lift unloaded in accordance with the ANSI B-77 requirements and found that, at normal speed, it stopped on average at 19.4 feet and at low speed at about 11.5 feet. (Lien p. 20.) Thus, Mr. Lien tested the Highlands lift in accordance with the ANSI B-77 requirements (unfavorable conditions) and in accordance with the testing procedure advocated by the defendant. From that information and the documentary information which be reviewed, Mr. Lien concluded that the stopping distance was too long to comply with ANSI B-77. (Lien p. 23.) He further concluded that had the emergency brake been used rather than the service brake, the lift would have stopped at about 6 feet and the stopping distance would have been much shorter on the day when the plaintiff was injured. (Lien p. 27.)

Expert testimony in Virginia is admissible if it will aid the trier of fact in understanding the case. *Tittsworth v. Robinson*, 252 Va. 151, 154 (1996). In

this case, Mr. Lien conducted his tests in accordance with the governing regulations and in accordance with the procedure advocated by the defendant. Utilizing the other documentary information from Wintergreen, he concluded that the lift would not comply with ANSI B-77 and that use of the emergency brake would have caused the lift to stop much sooner than it did on the day the plaintiff was injured. While this opinion may be disputed by the defendant, it is an opinion based upon both his expertise and the foundation required by the regulations and advocated by the defendant. Further, his opinion certainly aids the trier of fact because it is based upon tests that are followed by the ski industry.