Justice KOONTZ, dissenting.
I respectfully dissent. I do so guided by the axiomatic principle that an accused is entitled to have a jury issue resolved by a jury and not by the trial court or appellate courts, including this Court. Where, as here, there is evidence to indicate that the accused was legally insane at the time he committed a crime and there is other evidence showing that he was not, that conflict in the evidence presents an issue to be determined by the jury. Jones v. Commonwealth, 202 Va. 236, *359 239-40, 117 S.E.2d 67, 70 (1960). In my view, in the present case in considering the Commonwealth's motion in limine the trial court decided the merits of the insanity defense of William White, Jr. as an issue of law rather than permitting the jury to determine factually whether White was or was not legally insane.*
While insanity is an affirmative defense in Virginia that the accused must prove to the satisfaction of the fact finder by a preponderance of the evidence, Shifflett v. Commonwealth, 221 Va. 760, 769, 274 S.E.2d 305, 310 (1981), whether the evidence would meet that standard is not at issue in this appeal. Rather, the sole issue is whether the evidence proffered by White in opposition to the Commonwealth's motion in limine to exclude all evidence of his insanity defense was sufficient merely to establish a prima facie case of insanity.
I will not unnecessarily lengthen this opinion by reciting the proffered evidence pertinent to this inquiry. The majority accurately recites that evidence which is not in dispute. However, under familiar principles of appellate review, because the Commonwealth was the proponent of the motion in limine, the evidence proffered in support and in opposition to that motion is to be considered in a light favorable to White, the non-moving party. Cf. Huffman v. Love, 245 Va. 311, 314, 427 S.E.2d 357, 360 (1993) (evidence viewed on appeal in light most favorable to one whose claim was stricken at trial); see also McGowan v. Lewis, 233 Va. 386, 387, 355 S.E.2d 334, 334 (1987) (upon review of the grant of a motion to strike, appellate court will consider the evidence and all reasonable inferences arising therefrom in the light most favorable to the non-moving party, resolving any doubt as to the sufficiency of the evidence in favor of that party); Food Lion v. Melton, 250 Va. 144, 149-51, 458 S.E.2d 580, 584-85 (1995) (same); Waters v. Safeway Stores, Inc., 246 Va. 269, 270, 435 S.E.2d 380, 380 (1993) (same).
The thrust of the Commonwealth's motion in limine was that the only expert who had examined White was Dr. William Brock, who would testify that White was not legally insane at the time White committed the crimes in question because, in Dr. Brock's opinion, White was suffering from a drug induced psychosis but knew the difference between right and wrong. Accordingly, in the absence of any other expert evidence that White suffered from a "disease of the mind," White could not introduce "lay evidence" to support his insanity defense.
We have stated, however, that "[t]here is nothing sacrosanct about the evidence of an expert witness." Wessells v. Commonwealth, 164 Va. 664, 671, 180 S.E. 419, 422 (1935). "The evidence of an expert witness [on insanity] should be given the same consideration as is given that of any other witness, considering his opportunity for knowledge of the subject and subject matter as to which he testifies, his appearance, conduct, and demeanor on the stand." McLane v. Commonwealth, 202 Va. 197, 206, 116 S.E.2d 274, 281 (1960). And we also have stated that "[a]lthough sanity or insanity may be established by lay witnesses, it is generally recognized that it is advisable to adduce expert testimony to better resolve such a complex problem." Shifflett, 221 Va. at 769, 274 S.E.2d at 311. (Emphasis added). This is so because a "lay witness" can testify only to facts, and cannot express an opinion as to the existence of a person's mental disease or state of mind. See Jones, 202 Va. at 241, 117 S.E.2d at 71. But see Ford v. Ford, 200 Va. 674, 680, 107 S.E.2d 397, 401 (1959); Davis v. Alderson, 125 Va. 681, 691, 100 S.E. 541, 544 (1919).
Based solely upon Dr. Brock's evidence, a jury would be compelled to conclude that White was psychotic at the time he committed the crimes. In common parlance, White then was suffering from a severe mental disorder associated with a loss of contact with reality. Clearly, because no evidence in the record suggests that White was not psychotic *360 at that time, the jury could reasonably have accepted White's psychotic state of mind as a fact.
Dr. Brock further opined that while White "seems to meet the threshold criteria for an insanity defense," his defense may not be "viable" because of his "efforts not to be identified or get caught" after committing the crimes and because his psychotic symptoms "were the result of his voluntary and excessive use of cocaine." Undoubtedly, White was an admitted abuser of cocaine and other narcotic drugs and had previously been admitted to a psychiatric hospital as a result. The totality of this evidence would indicate that White, although psychotic, was not legally insane because his abuse of drugs was voluntary and apparently not of long standing.
However, White proffered the evidence of numerous lay witnesses, including his mother, his roommate, a licensed clinical social worker, and prison personnel, that he displayed psychotic symptoms both before and after he committed the crimes when he was not taking drugs. That evidence coupled with the other evidence of these lay witnesses that White believed he heard the voice of God directing his actions created a conflict in the evidence whether White's psychotic state of mind resulted from his drug abuse or some other underlying mental disorder.
In applying the M'Naghten test for insanity we have not required the accused to establish an expert diagnosis of the underlying mental disorder manifested by the accused's psychotic state of mind in order to satisfy the first portion of that test. Undoubtedly mental health experts would be the first to concede that satisfaction of such a requirement would not always be within the current expertise of those in the mental health field. Nevertheless, in Price v. Commonwealth, 228 Va. 452, 459-60, 323 S.E.2d 106, 110 (1984), we explained the application of the M'Naghten test for insanity that we follow in Virginia and that is facially implicated in this case. There we explained that:
The first portion of M'Naghten relates to an accused who is psychotic to an extreme degree.... The latter portion of M'Naghten relates to an accused who knew the nature and quality of his act. He knew what he was doing.... However, because of mental disease, he did not know that what he was doing was wrong. He believed, for example, that he was carrying out a command from God.
Id.
If accepted as fact by the jury, the evidence of the lay witnesses and White's confirmation of that evidence in his account to Dr. Brock that he did not know that committing the crimes in question was wrong because he was carrying out a command from God provides an independent evidentiary basis to support White's insanity defense. That evidence is in sharp conflict with the evidence that White's psychotic state of mind resulted solely from drug abuse as the trial judge, the majority of the Court of Appeals, and the majority of this Court seem to have accepted as a fact. They all may be correct, but such was for the jury to decide because White's proffered evidence was sufficient to establish a prima facie case of his insanity.
For these reasons, I would reverse the majority decision of the Court of Appeals, and remand the case for a new trial in which the jury is allowed to decide whether or not White was legally insane at the time he committed the crimes in question.
---------------
---------------