KAREN ARTRIP, A/K/A KAREN BELDEN

V.

E.E. BERRY EQUIPMENT COMPANY

Record No. 900063

November 9, 1990

Present: All the Justices

R. Clayton Allen (Allen, Allen, Allen & Allen, on briefs), for appellant.

Stephen A. Bryant (Bryant & Champlin, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this slip-and-fall case, we decide whether the trial court erred in striking the plaintiff's evidence and entering judgment in favor of the defendant. More specifically, we determine whether the trial court or a jury should have decided issues of negligence, contributory negligence, and assumption of risk.

Karen Artrip sued E.E. Berry Equipment Company (Berry) seeking damages for injuries she sustained when she slipped and fell on a snowbank. Artrip alleged that her injuries were proximately caused by Berry's negligence. In a jury trial, at the conclusion of Artrip's evidence, the trial court struck her evidence and entered judgment in Berry's favor. The court concluded that, as a matter of law, Berry was not guilty of negligence and Artrip was guilty of negligence and assumption of risk. Artrip appeals.

Berry was employed by a building owner's agent to remove snow from a parking lot that served the building. Artrip's employer was one of the tenants in the building.

Berry was an experienced, professional snow remover. According to the agent, Berry was required to clear the snow so cars and people could have access to the parking lot and to the building. Berry was required to perform the work "so people [would be] safe."

Snow had fallen on January 22, 1987, but had stopped before 8:00 p.m. No snow fell between 8:00 p.m. and the following morning when Artrip fell. Berry removed the snow from the parking lot during the late hours of January 22 and the early hours of the twenty-third.

Berry's owner and operator testified about the proper way to remove snow from a parking lot. He stated that the snow should be pushed away from entrances and sidewalks. This is achieved by angling the plow blade on the snow removal vehicle. When the blade is angled properly, a "certain amount" of snow will come off the end of the blade. However, a ridge of snow three feet high should not result.

On January 23, 1987, Artrip, age 28 years, was employed as a claims adjuster for an insurance company. The previous day, she had asked a co-worker to give her a ride to work the following morning if weather conditions were bad. Consequently, the following morning, Artrip walked from her apartment to the street where she met her co-worker. Artrip wore snow boots that had rough tread on the soles for traction.

The co-worker proceeded to drive to their place of employment. On their way, about 7:00 a.m., Artrip and the co-worker stopped at a convenience store for coffee. Although some "slush" was on the convenience store's parking lot, Artrip and her co-worker had no difficulty walking to and from the store.

They then proceeded to their destination. When they arrived at their employer's parking lot, they observed that the lot had been cleared of snow.

A sidewalk and a curb paralleled the front of the building. The snow that had been plowed from the parking lot was piled against the curb along the full length of the building. The resulting snowbank was partly on the parking lot and partly on the sidewalk.

After exiting the car, Artrip and her co-worker walked "carefully" across the parking lot toward the building's entrance. Each was carrying a cup of coffee.

Artrip and her co-worker approached the building to the left of the building's entrance because the height of the snowbank was

lower there. The co-worker crossed the snowbank first without incident, and Artrip followed.

As she approached the bank, she stopped and looked for a place to put her left foot. She placed her left foot "up onto the edge of the snow being very careful." As she brought her right foot up, she slipped and fell. Artrip testified that neither the parking lot nor the snowbank appeared to be icy, but ice may have been hidden beneath the snow.

More than half the people who worked in the building came to work that morning. Many of them crossed the snowbank without incident at the place where Artrip fell.

Ordinarily, negligence is a jury issue. Only when reasonable minds could not differ does the issue become one of law to be decided by a court. *Philip Morris Inc.* v. *Emerson*, 235 Va. 380, 397, 368 S.E.2d 268, 277 (1988). To constitute actionable negligence, there must be a legal duty, a breach thereof, and a consequent injury. *Bartlett* v. *Recapping, Inc.*, 207 Va. 789, 793, 153 S.E.2d 193, 196 (1967).

In ruling on a motion to strike a plaintiff's evidence, a trial court must view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the plaintiff. Any reasonable doubt as to the sufficiency of the evidence must be resolved in the plaintiff's favor. *Meeks* v. *Hodges*, 226 Va. 106, 109, 306 S.E.2d 879, 881 (1983).

In the present case, the parties agree that Berry owed Artrip a duty to use reasonable care in removing the snow from the parking lot, and we agree. Berry contends, however, that the evidence is insufficient, as a matter of law, to prove a breach of the duty. We do not agree.

Berry admitted that a snow plow, if properly operated, would not cause snow to accumulate high against a curb bordering a parking lot. Artrip's evidence showed, however, that snow removed from the parking lot had been piled approximately three feet high along the curb and sidewalk, leaving no opening for persons intending to enter the building.

When this evidence is viewed in the light most favorable to Artrip, we think reasonable minds could differ about whether Berry breached the duty to use reasonable care in removing the snow from the parking lot. Therefore, the trial court erred in ruling that, as a matter of law, Berry was not guilty of negligence that proximately caused Artrip's injuries.

Berry next contends that the snowbank was an open and obvious condition. Therefore, in attempting to cross it, Artrip was contributorily negligent and assumed the risk.

Contributory negligence and assumption of risk likewise are jury issues unless reasonable minds could not differ about their resolution. *Stevens* v. *Ford Motor Co.*, 226 Va. 415, 421, 309 S.E.2d 319, 323 (1983). When contributory negligence and assumption of risk are asserted as defenses, the defendant has the burden of proving each by the greater weight of the evidence. *Karim* v. *Grover*, 235 Va. 550, 552, 369 S.E.2d 185, 186 (1988); *Philip Morris Inc.*, 235 Va. at 403, 368 S.E.2d at 280.

The doctrines of contributory negligence and assumption of risk, though closely related, are not identical. *Arrington* v. *Graham*, 203 Va. 310, 314, 124 S.E.2d 199, 202 (1962). The essence of contributory negligence is carelessness and involves an objective test, *i.e.*, whether a plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances. *Philip Morris Inc.*, 235 Va. at 402, 368 S.E.2d at 280; *Arrington*, 203 Va. at 314, 124 S.E.2d at 202. Assumption of risk, on the other hand, connotes venturousness and involves a subjective test, *i.e.*, whether a plaintiff fully understood the nature and extent of a known danger and voluntarily exposed himself to it. *Philip Morris Inc.*, 235 Va. at 402-03, 368 S.E.2d at 280.

We are of opinion the trial court erred in ruling that, as a matter of law, Artrip was guilty of contributory negligence. Although the snowbank was open and obvious, Artrip's evidence shows the care she exercised in crossing the bank. She approached the snowbank at a low point. She was wearing snow boots with good tread. She carefully placed her left foot in the snow. She did not fall until she raised her right foot. We conclude that reasonable minds could differ about whether Artrip acted for her own safety as a reasonable person would have acted. *See Kings Markets* v. *Yeatts*, 226 Va. 174, 179, 307 S.E.2d 249, 252 (1983).

Finally, the trial court erred in ruling that Artrip assumed the risk as a matter of law. Artrip testified that if ice was beneath the snow, she was unaware of it. Furthermore, it is relatively common for persons to cross mounded snow. Therefore, we cannot say that, as a matter of law, Artrip fully understood the nature and extent of a known danger.

Moreover, we cannot say that Artrip voluntarily incurred the risk as a matter of law. Her evidence indicates that Berry's

actions left her no reasonable alternative course of conduct in going to her place of work. At most, the question whether Artrip's conduct was voluntary, within the meaning of the assumption of risk doctrine, is for the jury. *See VanCollom* v. *Johnson*, 228 Va. 103, 106, 319 S.E.2d 745, 746 (1984).

Accordingly, we will reverse the trial court's judgment and remand the case for further proceedings consistent with the views expressed herein.

*Reversed and remanded.*