34 F.3d 1067
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Nathan WALKER, Plaintiff-Appellant,
and
Liberty Mutual Insurance Company, Plaintiff,
v.
CATERPILLAR INDUSTRIAL, INCORPORATED, formerly known as
Townmotor Corporation, Defendant-Appellee.
LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
and
James Nathan Walker, Plaintiff,
v.
CATERPILLAR INDUSTRIAL, INCORPORATED, formerly known as
Townmotor Corporation, Defendant-Appellee.
 Nos. 93-2388, 93-2482.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 7, 1994.
Decided: Aug. 4, 1994.
 
 Appeals from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, District Judge. (CA-91-125-R) Argued: June 7, 1994.
 ARGUED: Wayne Fisher, Fisher, Gallagher & Lewis, Houston, Texas; S.D. Roberts Moore, Gentry, Locke, Rakes & Moore, Roanoke, Virginia, for Appellants.
 James Wilson Jennings, Jr., Woods, Rogers & Hazlegrove, P.L.C., Roanoke, Virginia, for Appellee.
 ON BRIEF: Melissa W. Scoggins, Gentry, Locke, Rakes & Moore, Roanoke, Virginia; David W. Holman, Holman Hogan, L.L.P., Houston, Texas, for Appellant Walker;
 Robert S. Ballou, Johnson, Ayers & Matthews, Roanoke, Virginia, for Appellant Liberty Mutual.
 Frank K. Friedman, Mark D. Loftis, Woods, Rogers & Hazlegrove, P.L.C., Roanoke, Virginia; John Charles Thomas, Harry M. Johnson, III, HUNTON & WILLIAMS, Richmond, Virginia; W. T. Womble, Womble & Spain, Houston, Texas, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, MICHAEL, Circuit Judge, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This is an appeal from the granting of summary judgment against plaintiffs-appellants in a products liability action brought by James Nathan Walker and Liberty Mutual Insurance Company against defendant Caterpillar Industrial in the Western District of Virginia. The trial Court noted that the basic facts are not in dispute. For the reasons that follow, we affirm the judgment of the District Court.
 
 I. Background
 
 2
 On October 5, 1988, Walker, an employee of General Shale Products Corporation, ("General Shale"), was using a forklift to load bricks into a boxcar at General Shale's railroad siding in Glasgow, Virginia. While inside the boxcar, the forklift's steering became uncoupled. Three maintenance men arrived to fix the problem. The maintenance men used metal poles to point the wheels straight and instructed Walker to inch the forklift out of the car using the clutch. The maintenance men stopped Walker periodically to restraighten the wheels. Once the lift was on the dock, the maintenance men ascertained that the forklift could not be repaired where it sat on the dock, and so they decided to move it down the ramp. They attempted to use another forklift to accomplish this task, but were unable to do so. The maintenance men lined up the wheels to point straight down the ramp and instructed Walker to ease the forklift down in low gear. Appellant[1] was told not to use the brakes, as this would cause the back end to come around. Walker attempted to drive the forklift down the ramp, but the back end swung around and the forklift went over the side of the ramp. He was thrown from the vehicle and it landed on top of him, inflicting multiple severe injuries.
 
 
 3
 The forklift in question was manufactured in 1979. In the spring of that year, General Shale ordered the forklift from Carter Machine Co., to be delivered without lift forks and with an enclosed cab. Carter ordered the forklift from Towmotor Corp., the predecessor of Caterpillar, and it was delivered in August of 1979.
 
 
 4
 Appellant filed suit against Caterpillar alleging breach of warranty, negligent design and negligent failure to retrofit. The District Court granted summary judgment on all three claims and Appellant appeals.
 
 
 5
 Walker urges that the Court committed error in that material issues of fact exist as to: I) Caterpillar's negligent design, II) Caterpillar's disclaimer of implied warranties, III) Caterpillar's duty to retrofit, and IV) James Walker's contributory negligence or assumption of risk.
 
 II. Negligent Design
 
 6
 The trial Court held that Appellant's claim that Caterpillar negligently designed the forklift by not including an operator restraint system could not survive summary judgement. The Court cited Alevromagiros v. Hechinger, 993 F.2d 417 (4th Cir.1993), wherein we noted that the settled law in Virginia is that:
 
 
 7
 To prevail in a products liability case under Virginia law, the plaintiff must prove that the product contained a defect which rendered it unreasonably dangerous for ordinary or foreseeable use. In addition, the plaintiff must establish that the defect existed when it left the defendant's hands and that the defect actually caused the plaintiff's injury. The product need not incorporate the best or most highly advanced safety devices. In determining what constitutes an unreasonably dangerous defect, a court will consider safety standards promulgated by the government or the relevant industry, as well as the reasonable expectations of consumers. Consumer expectations, which may differ from government or industry standards, can be established through evidence of actual industry practices, ... published literature, and from direct evidence of what reasonable purchasers considered defective.
 
 
 8
 Id. at 420-21. The trial Court found that it was undisputed in 1979 there were no government regulations requiring restraints and that it was industry custom not to design forklifts with them. The trial Court also concluded that the appellant provided no evidence that consumers expected manufacturers to provide operator restraints. Moreover, it found that forklift buyers are knowledgeable consumers and this forklift was made to General Shale's specifications which did not call for operator restraints. Given the industry custom and consumer expectations, the District Court found as a matter of law that the forklift was not unreasonably dangerous for its ordinary and foreseeable use.
 
 
 9
 This Court agrees with the District Court's conclusion that the appellant has not provided enough evidence of negligent design to survive summary judgment. No forklift manufacturer installed restraints in 1979. Appellant cannot point to a single trade custom, accepted usage, regulatory requirement or customer expectation that would indicate that restraints should have been installed at that time. Although evidence of industry custom not to install safety devices "does not establish conclusively that due care was exercised," the Appellant must be able to establish that the industry custom was unreasonably dangerous for the intended use of the product. Turner v. Manning Maxwell & Moore, 217 S.E.2d 863, 868 (1975). This Appellant has not demonstrated that the forklift was unreasonably dangerous for its intended use, and therefore, his negligent design claim must fail.
 
 III. Implied Warranty
 
 10
 Appellant argued below that Caterpillar breached the implied warranty of merchantability and fitness for a particular purpose. The District Court, however, found that Caterpillar's warranty, which said in bold type "this warranty is expressly in lieu of any other warranties, express or implied, including any warranty of merchantability or fitness for a particular purpose," constituted a valid disclaimer under the applicable provisions of the Virginia Code. We agree.
 
 
 11
 Appellant's further assertion that there is no evidence that General Shale had any meaningful choice, (i.e. that there was no meeting of the minds or consideration for this disclaimer), is without merit. In the Fourth Circuit,
 
 
 12
 the factors determining "unconscionability" are various: the nature of the injuries suffered by the plaintiff; whether the plaintiff is a substantial business concern; the relative disparity in the parties' bargaining power; the parties' relative sophistication; whether there is an element of surprise in the inclusion of the challenged clause; and the conspicuousness of the clause ... all of which constitute relevant evidence of whether their transaction was indeed tainted by an absence of meaningful choice.
 
 
 13
 Carlson v. General Motors Corp., 883 F.2d 287, 293, 295 (4th Cir.1989). This warranty was part of Carter's proposal to General Shale and was delivered with the forklift. Additionally, the use of forklifts was obviously a routine facet of day to day operations at General Shale. The company cannot be said to be other than a sophisticated purchaser. Therefore, the waiver was not unconscionable with respect to General Shale.
 
 
 14
 Moreover, this argument, (as well as Walker's argument that the waiver was unconscionable with respect to him), must fail for another reason. In order to prove liability under an implied warranty theory, as under a negligence theory, the plaintiff must show "the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and that the unreasonably dangerous condition existed when the goods left the defendant's hands." Logan v. Montgomery Ward, 219 S.E.2d 685, 687 (1975). This Court finds that summary judgment was proper since, as noted above, the appellant was unable to show that the forklift was unreasonably dangerous[2].
 
 IV. Duty to Retrofit
 
 15
 Appellant asserts that Caterpillar had a duty to retrofit the forklift with operator restraints. The District Court cited the Magistrate Judge's opinion in Estate of Kimmel v. Clark, 773 F.Supp. 828, 829-30 (W.D.Va.1991), wherein the Magistrate Judge specifically rejected a duty to retrofit claim against a forklift manufacturer which failed to retrofit its forklifts with restraints. The Magistrate Judge found that there is no duty to retrofit under Virginia law. Appellant has cited no Virginia law which expressly creates such a duty. This Court is not free to create a state law duty where the Virginia Courts or Legislature has not seen fit to do so. Therefore, appellant's "duty to retrofit" claim must fail.
 
 
 16
 V. Contributory Negligence and Assumption of Risk
 
 
 17
 The trial Court observed that the affirmative defenses of contributory negligence and assumption of risk are usually jury issues unless reasonable minds could not differ. Artip v. E.E. Berry, 240 Va. 354, 358 (1990). In this case, however, the trial Court found that they were established as a matter of law and were, therefore, alternative bases for granting summary judgment on all three of plaintiff's theories of relief.[3]
 
 
 18
 The District Court noted that contributory negligence is determined by the objective standard of the reasonable man, Kelly v. Vepco, 238 Va. 32, 39 (1989), and held as a matter of law that Walker did not exercise reasonable care when he attempted to drive a forklift with no steering down a ramp without using the brakes. Walker knew that the steering was broken, that the brakes couldn't be used and that the lift was not equipped with restraints and could tip over. He also knew that the wheels would not stay straight even on a flat surface. After all, while removing the lift from the boxcar, Walker had to stop periodically so the maintenance men could straighten the wheels with bars. This Court agrees that no jury could find his behavior was objectively reasonable in light of these factors.
 
 
 19
 The test for assumption of risk is a subjective one of what the particular plaintiff knows, sees, understands and appreciates. It is venturousness and has two requirements: the nature and extent of the risk must be fully appreciated and the risk must be voluntarily incurred. Amusement Slides v. Lehmann, 217 Va. 815, 818-819 (1977). The District Court held that in light of Walker's knowledge of the aforementioned attending circumstances, he appreciated and voluntarily incurred the risks of riding the forklift in that condition. Again, we agree with the District Court's conclusion.
 
 VI. Conclusion
 
 20
 Because we find no reversible error, we affirm the judgment of the District Court.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 For the sake of simplicity, this opinion is written as if James Walker is the sole plaintiff-appellant. All arguments, however, are raised jointly by James Walker and Liberty Mutual
 
 
 [2]
 This Court later in this opinion upholds the District Court's finding that through his conduct Walker assumed the risks of injury associated with riding the forklift down the ramp. The Court agrees with the District Court that given his assumption of the risk, Walker almost certainly cannot prevail on a breach of warranty theory under Virginia law. Lust v. Clark Equipment Co., 792 F.2d 436, 439-40 (4th Cir.1986)
 
 
 [3]
 Lust, 792 F.2d at 439-40, held that Virginia's doctrine of breach of warranty excludes the defense of contributory negligence, although it would almost certainly recognize the defense of assumption of risk