**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ARLENE W. NEWCOMB,
Plaintiff-Appellant,

v.                                                           No. 95-3044

FOOD LION, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Chief District Judge.
(CA-95-16-D)

Argued: July 10, 1996

Decided: August 20, 1996

Before WILKINS and LUTTIG, Circuit Judges, and
G. ROSS ANDERSON, JR., United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Carrington Thompson, Chatham, Virginia, for
Appellant. Jim Harold Guynn, Jr., GUYNN & BRITT, P.C., Roanoke,
Virginia, for Appellee. **ON BRIEF:** Mark M. Caldwell, III, PETTUS
& CALDWELL, P.C., Keysville, Virginia for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On a rainy September 22, 1994, Arlene Newcomb went to the grocery store, a Food Lion. Newcomb knew it had been raining since early that morning. As she approached the store, Newcomb saw patrons standing outside the store, under an overhang, shaking their umbrellas. Newcomb paused outside the doors and removed her rain cap. Newcomb admits that she "didn't do anything special that day because it was raining." She then entered the store.

To her left was the shopping cart corral and under her feet was a carpeted floor mat. Newcomb then took one step off the mat and her feet "shot out" from under her. Newcomb states that at the time she fell, her sight was focused on the shopping carts on her left. After she fell, Newcomb noticed that the floor mat was wet by feeling its wetness against her body. Similarly, Newcomb noticed "several dozen" wet footprints leading from the floor mat to the interior of the store. She noticed these footprints only after she fell. Newcomb also stated that had she been looking at the floor when she stepped off the mat, she could have seen the foot prints. She was also aware that water is often tracked indoors when it rains. There were no "wet floor" caution signs placed near the entrance of the store.

Newcomb brought this action alleging that Food Lion owed her, as a business invitee, a duty of care to remove or warn of hazards created by the rain.

Food Lion moved for summary judgment because the footprints were "open and obvious" and by failing to avoid them, Newcomb was contributorily negligent as a matter of law. The trial court agreed and granted summary judgment. Thus, the issue presented is whether the trial court properly granted summary judgment on these facts.

2

Since this is in the context of a motion for summary judgment, this Court reviews the decision of the trial court de novo. Further, all disputes in the facts, and inferences from the facts, must be considered in a light most favorable to the non-movant--here the Plaintiff.

Under Virginia law, a store owner owes its customers a duty to exercise ordinary care toward them when they enter the premises. Winn-Dixie Stores, Inc. v. Parker, 240 Va. 180, 396 S.E.2d 649 (1990). The owner must maintain its premises in a reasonably safe condition, and must warn a customer of any unsafe condition that is unknown to the customer but that is, or should be, known to the owner. Id.; see also Colonial Stores Inc. v. Pulley, 203 Va. 535, 125 S.E.2d 188 (1962). An owner of the premises, however, is not an insurer of the invitee's safety. The invitee must look out for her own safety by avoiding "open and obvious" dangers. Rocky Mount Shopping Center Associates v. Steagall, 235 Va. 636, 369 S.E.2d 193 (1988).

Failing to avoid "open and obvious" dangers may render the plaintiff contributorily negligent. In Virginia, a Plaintiff is contributorily negligent if he or she "failed to act as a reasonable person would have acted for his own safety under the circumstances." Artrip v. E.E. Berry Equip. Co., 240 Va. 354, 397 S.E.2d 821 (1990).

Contributory negligence in this case is determined by whether the hazard, a wet floor as evinced by footprints, was"open and obvious." If the wet floor was "open and obvious", then the plaintiff may be contributorily negligent as a matter of law. Normally, both contributory negligence in general, and the open and obvious nature of the hazard in specific, are jury questions. Id. at 358, 397 S.E.2d at 823. Scott, 241 Va. at 572, 575, 74 S.E.2d 51, 53 (1953). In clear cases, however, the contributory negligence of the plaintiff may be established as a matter of law.

There is no requirement that a pedestrian must look down while stepping forward. Little Creek Investment Corp. v. Hubbard, 249 Va. 258, 455 S.E.2d 244 (1995). That is, "the circumstances of each case must be considered to determine whether a pedestrian who failed to look nevertheless produced sufficient evidence to support a finding that the pedestrian exercised reasonable care for his or her safety

3

under the circumstances. If such evidence is produced, a jury question is presented." Id. at 249 Va. 261, 455 S.E.2d 246.

Thus, we are called to answer whether under the circumstances here, and with all reasonable inferences drawn for the plaintiff, the wet floor immediately inside the front door of the store, on a rainy day and evinced by footprints, was an open and obvious hazard that every reasonable person would have noticed and avoided. We hold that the wet floor was sufficiently open and obvious in this case.

Patrons in a store are not allowed to be oblivious to the state of their environment. As a matter of law, the Plaintiff should have been on guard for a wet floor, evinced by footprints, on a rainy day in an area directly inside the entrance to the store. Because the plaintiff failed to look out for her own safety, the Plaintiff was contributorily negligent as a matter of law under the specific facts presented here.

The court is aware of Nuckoles v. F.W. Woolworth , 372 F.2d 286 (4th Cir. 1967). In Nuckoles, this court held that whether a box, similar in color to the floor in a store, located in an aisle, and potentially obscured by the presence of a store clerk, presented a jury question as to the plaintiff's contributory negligence. Nuckoles is different than the instant case.

Here, it is reasonable to hold that plaintiff should have been on the look out for a wet floor in an area immediately inside the front of the store when it had been raining all day. In Nuckoles, it was not reasonable to expect a floor-colored box in an aisle that may have been partially hidden by a store clerk.

Accordingly, based on the specific facts of this case, plaintiff was contributorily negligent as a matter of law. Judgment of the District Court is

AFFIRMED.

4