UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

GEORGE T. HODGE,
                    *Plaintiff-Appellant,*

v.

JODY A. SOPER; SUTTLES TRUCK
LEASING, INCORPORATED,
                    *Defendants-Appellees.*

No. 00-1087

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CA-99-116-2)

Submitted: July 31, 2001

Decided: September 5, 2001

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

George T. Hodge, Appellant Pro Se. Samuel Vernon Priddy, III, Terrence Lemarr Graves, Sr., Frank B. Miller, III, SANDS, ANDERSON, MARKS & MILLER, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

George T. Hodge (Hodge) appeals the district court's judgment following a jury verdict in favor of the Defendants in his claim for the wrongful death of his sixteen year old son, Darrell J. Hodge (Darrell). Darrell was killed when his bicycle collided with a tractor-trailer operated by Jody A. Soper (Soper) and owned by Soper's employer, Suttles Truck Leasing, Inc. (Suttles). Hodge, the administrator of Darrell's estate, sued Soper and Suttles. Following a three-day jury trial, the jury returned a verdict in favor of Defendants. The district court denied Hodge's motion to set aside the judgment or for a new trial. Hodge noted a timely appeal.[1]

First, Hodge appeals the jury's finding that Darrell was contributorily negligent, arguing that the jury should have rejected the testimony of Defendants' expert, Dr. Scott Krenrich, as erroneous and beyond his expertise. Because our jurisdiction is based on diversity of citizenship, we apply the law of Virginia, the state where the accident occurred. *See Freeman v. Case Corp.*, 118 F.3d 1011, 1014 (4th Cir. 1997). Whether a plaintiff is guilty of contributory negligence is typically a question for the jury's consideration. *See Phillips v. Stewart*, 148 S.E.2d 784, 787 (Va. 1966). The jury's verdict should be sustained if it is based on competent evidence and controlled by proper instructions in an impartially conducted trial. *See Smithey v. Sinclair Ref. Co.*, 122 S.E.2d 872, 875 (Va. 1961).

We find that Hodge failed to preserve his objection to Dr. Krenrich's expert testimony, which we find was not erroneous or prejudicial. We further find that ample credible evidence permitted the jury to find that Darrell knowingly continued to ride his bicycle after suffering a total or partial failure of his brakes to his peril. Although a trier of fact could have resolved the issue differently, we decline to disturb the jury's findings of contributory negligence.

---

[1]Although Hodge was represented by counsel at trial, he filed his appeal pro se.

Next, Hodge maintains that the district court erred in sustaining the magistrate judge's ruling limiting the testimony of Dr. Charles Benedict, Hodge's accident reconstruction expert, based on the court's gatekeeping function as set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[2] *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

We review the district court's decision to exclude portions of Dr. Benedict's testimony for abuse of discretion. *See Kumho Tire Co.*, 526 U.S. at 152; *Benedi v. McNeil-P.P.C., Inc.*, 66 F.3d 1378, 1385 (4th Cir. 1995). Defendants supported their *Daubert* challenge to Dr. Benedict's proposed testimony with references to literature recognized in the field of accident reconstruction, and affidavits from Defendants' accident reconstruction experts providing evidence that Dr. Benedict's expertise and methodology were speculative, without basis, and unreliable. Hodge did not submit any evidence to counter Defendants' arguments, except as to Dr. Benedict's opinion as to the speed of the tractor-trailer, which the district court deemed admissible. Applying the analysis set forth in *Daubert*, we find that the district court did not abuse its discretion in adopting the magistrate judge's recommendation to exclude the portions of Dr. Benedict's testimony that it found unreliable and beyond his expertise.

Next, Hodge asserts the district court erred in overruling his *Batson* objections as to the striking of two potential African-American jurors. *See Batson v. Kentucky*, 476 U.S. 79, 97 (1986). The district court's decision on the ultimate question of discriminatory intent is a factual finding accorded great deference, and we will only reverse that finding for clear error. *See Hernandez v. New York*, 500 U.S. 352, 364-65 (1991); *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998).

---

[2]The district court sustained the magistrate judge's ruling allowing Dr. Benedict to testify as to the speed of the tractor-trailer. The court prohibited Dr. Benedict's testimony as to the causation of physical injury, movement of the tractor-trailer prior to the skid marks being established, the meaning of various legal terms, whether a driver has a tendency to straighten out a curve, and whether the accident would not have occurred but for Soper's method of operation.

Applying the factors enunciated in *Batson*, we conclude that Hodge failed to satisfy his burden of proving purposeful discrimination by failing to prove that Defendants' rationale was pretextual and that the district court did not clearly err by finding that Defendants' reason for striking the jurors was race-neutral. *See Purkett v. Elem*, 514 U.S. 765, 767-68 (1995); *Davis v. Baltimore Gas & Elec. Co.*, 160 F.3d 1023, 1026 (4th Cir. 1998).

Finally, Hodge alleges that the district court should have instructed the jury that contributory negligence must be more than trivial and must be a contributing cause of the accident.[3] We review challenges to jury instructions for abuse of discretion. *See Nelson v. Green Ford, Inc.*, 788 F.2d 205, 208-09 (4th Cir. 1986). We find that the district court did not abuse its discretion in its instructions as to contributory negligence. *See Artrip v. E. E. Berry Equip. Co.*, 397 S.E.2d 821, 824 (Va. 1990).

We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[3]Hodge also attacks the district court's comment that the case was not complex and that he would not authorize note taking. However, as Hodge did not object at trial, we decline to review this issue on appeal.