## CIRCUIT COURT OF BRUNSWICK COUNTY

Robert L. Lawson

v.

Larry A. Blizzard
and Commercial Carrier Corp.

June 9, 2006

Case No. CL05000002-00

BY JUDGE W. ALLAN SHARRETT

This matter comes before the Court on the Motion to Set Aside Verdict and Motion for Mistrial filed by the Defendants. After analysis of the motions and facts in the issue, the Court rules in favor of the Plaintiff on both motions.

*Facts*

The Plaintiff, Robert Lawson, has been an employee with Pecht Distributors ("Pecht") for over twenty years. (Tr. 193, May 1, 2006.) At the time of the accident, Lawson was the warehouse supervisor, and his duties consisted of unloading beer from trucks after delivery, repackaging damaged cases of beer, and generally keeping the warehouse tidy and organized. (Tr. 193.) On October 16, 2002, the day of this accident, a delivery truck arrived at Pecht and took thirty to thirty-five minutes to back into the delivery slot, where the warehouse and the truck meet. (Tr. 195.) Lawson and a co-worker, Reavis, stood outside watching the truck line up, until Lawson went inside to get ready for the delivery, which involved driving a forklift over to the delivery slot. (Tr. 195).

Lawson opened the warehouse door, broke the seal on the truck, opened the truck door, and began to inspect the delivery once he concluded the truck was in place. (Tr. 227.) After inspection, according to Lawson, he normally would go see the truck driver and get a bill of lading signed verifying a complete delivery. (Tr. 218.) On this day, while Lawson was inspecting the delivery, the truck moved forward and he was thrown out of the back of the truck, landing on all fours, severely injuring his heel. (Tr. 196, 201.) Lawson has had to undergo several surgeries to recover from the accident. (Tr. 203-04.)

## Issue 1

Could a reasonable person have found that the plaintiff was not contributory negligent?

## Analysis

"Preservation of the ancient right [of a jury verdict] demands that courts treat jury verdicts with deference and set aside jury verdicts only when reasonable men could not decide as the jury did." *Speelman v. Browning*, 57 Va. Cir. 234, 236 (2001). Most recently, the Supreme Court affirmed that trial court judges must give a jury verdict "the utmost deference" and if reasonable persons could differ regarding the issue of contributory negligence, the issue should be submitted to the jury. *Burroughs v. Keffer*, 272 Va. 162 (2006). A court may not overturn a verdict simply because it would like to substitute its own conclusion; the jury's decision must be plainly wrong and without credible evidence. *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 367, 585 S.E.2d 578, 581 (2003).

Contributory negligence is an affirmative defense which must be proven by an objective standard that the plaintiff failed to act as a reasonable person would under the same circumstances for his own safety. *Sawyer v. Comerci*, 264 Va. 68, 74, 563 S.E.2d 748, 752 (2002); *Artrip v. E. E. Berry Equipment Co.*, 240 Va. 354, 358, 397 S.E.2d 821, 823-24 (1990). Usually the decision of contributory negligence is a question for the jury, and it only becomes a matter of law if reasonable minds could not come to different conclusions from the evidence. *Jenkins v. Pyles*, 269 Va. 383, 388, 611 S.E.2d 404, 407 (2005); *Hot Shot Express, Inc. v. Brooks*, 264 Va. 126, 135, 563 S.E.2d 764, 769 (2002). Additionally, the burden is on the defense to demonstrate by the greater weight of the evidence that the Plaintiff failed to act reasonably and that such deviation of care was the proximate cause of the

Plaintiff's injury. *Artrip v. E. E. Berry Equipment Co.*, 240 Va. 354, 358, 397 S.E.2d 821, 824 (1990). The essential concept when considering contributory negligence is carelessness. *Id.* at 358, 397 S.E.2d at 824.

This Court finds that a reasonable person could have found that Lawson was not contributorily negligent because the evidence was not clear whether or not procedures dictated securing the trailer before inspection or before unloading. Lawson testified that there is a two step process: the first step is inspection of the load to ensure that there is no breakage or damage; and the second step is to sign the bill of lading with the driver present, then unload the truck. (Tr. 227-28.) Lawson had a duty to act as a reasonable person would under the same circumstances for his own safety. *Sawyer*, 264 Va. at 74, 563 S.E.2d at 752. Lawson has been an employee at the warehouse for over twenty years; sixteen of those years have been loading and unloading deliveries. His testimony indicated that, from his significant experience in his position at work, there were different procedures for inspection and unloading. A reasonable person could find that Lawson was acting with the ordinary care necessary to do his job safely.

Mrs. Pecht, Lawson's employer, stated that there were safety procedures, such as placing the wheel chocks to secure the trailer's wheels, which are supposed to be done before the unloading process. (Tr. at 267.) However, Mrs. Pecht did not testify regarding how to inspect the delivery before unloading. Mr. Brown, another Pecht employee, said that Lawson was the best person with whom to talk regarding the policies and procedures of the warehouse at the time of the accident and that the Plaintiff had the most knowledge of the procedures at the warehouse. (Tr. at 274.) He also acknowledged that, if Lawson testified that the procedures were different than what Brown described, Brown would defer to, and rely on, Lawson's judgment and experience. (Tr. at 275.)

Lawson testified that there was a two step process (inspecting, then unloading), and his testimony was not contested; in fact, Brown deferred to Lawson's judgment of the procedures. The Court finds that it was possible for reasonable people to find that Lawson was inspecting the load at the time of the accident, which does not involve the safety procedures required at unloading. Reasonable people could have come to different conclusions from the evidence as to the procedures at the warehouse.

The Defense claims that the "two-step" procedure is absurd and was an attempt to cloud the issue for the jury. However, it offered no evidence to the contrary because Mrs. Pecht and Brown were only questioned about unloading procedures, and not specifically about the inspection stage of this "two-step" procedure. While the Defense's argument that proper safety procedures were

not followed may be valid, there was no evidence challenging Mr. Lawson's description of the procedures, therefore making it a question on which reasonable people could come to different conclusions. Therefore, because of the amount of deference demanded to a jury verdict, this Court affirms the verdict of the jury.

### Issue 2

Were improper comments made by Plaintiff's counsel which created prejudice against the Defendant?

### Analysis

In their Memorandum in Support of a Motion to Set Aside Verdict, the Defense asserted that the Plaintiff made several inappropriate comments during opening and closing arguments which prejudiced the Defendant. (Def.'s Mem. Supp. Mistrial 7-13.) However, the Plaintiff correctly asserted that the Defense never made any objection to such comments during opening or closing statements. (Pl. Mem. in Opp'n Mistrial 4-5.)

Virginia Supreme Court Rule 5:25, the contemporaneous objection rule, requires that objections must be stated with reasonable certainty at the time of the rule, except for reasons of good cause why objection was not available. Va. Sup. Ct. R. 5:25. Additionally, an objection must be specific and timely in order to give "the trial judge an opportunity to rule intelligently on the issues presented and to give the opposing party the opportunity to meet the objection at that stage of the proceedings." Charles E. Friend, *The Law of Evidence in Virginia*, § 8-3 (6th ed. 2003). "[C]ounsel cannot remain silent when improper argument is made and after the whole argument is concluded and in the absence of the jury successfully move for a mistrial." *Russo v. Commonwealth*, 207 Va. 251, 257, 148 S.E.2d 820, 825 (1966); *Burks v. Webb, Administratrix*, 199 Va. 296, 311, 99 S.E.2d 629, 641 (1957) (holding that, unless there are unusual circumstances, an objection to improper argument must be timely so that the trial court may rule effectively, and if not made until after the case has been submitted to the jury, it is too late to make such objection). The Court finds that because there were no timely objections, which would give the Court an opportunity to correct any improper comments and strike them from the record, the Defendant's Motion to Set Aside Verdict is denied.